UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04784-SVW-GJS | Date | September 24, 2018 |
|---|---|---|---|
| Title | *Ronn Moss v. Peter Beckett* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:**   ORDER DENYING MOTION TO DISMISS [21]

On July 23, 2018, Plaintiff Ronn Moss filed a First Amended Complaint ("FAC"), Dkt. 19, bringing four causes of action against Defendant Peter Beckett predicated on alleged trademark infringement.[1] Before the Court is Defendant's motion to dismiss the FAC. Dkt. 21.

**I.   Facts**

In the late 1970s the parties were members of the band Player, and the trademark of the name "Player" was held by a partnership of the band members pursuant to a partnership agreement dated March 1978. FAC ¶¶ 11-13. The band broke up in 1981, but Plaintiff and Defendant reunited in 1995 and began performing together under the "Player" name. *Id.* ¶¶ 16, 19. The FAC alleges that the other members of Player did not object to the parties' use of the Player name at this time. *Id.* ¶ 19. The FAC alleges that the partnership's ownership of the trademark was not abandoned following the band's dissolution in 1981 by virtue of continuing record sales and the joint performances by Plaintiff and Defendant. FAC ¶¶ 16, 28-29. Alternatively, Plaintiff alleges that he and Defendant entered into a new

---

[1]   Defendant argues that Plaintiff should be judicially estopped from asserting new allegations in the FAC that were different than those alleged in Plaintiff's original complaint. Defendant's argument is rejected. Plaintiff's FAC does not contain different factual allegations than the original complaint in a manner that "directly contradict[s] an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (alteration removed). Although Plaintiff's original complaint noted that he "jointly" owned the trademark with Defendant, *see* Compl. ¶¶ 5, 21-22, 29, 40, 42, 44, Plaintiff maintained the same allegations that the trademark was held by the partnership of band members, not any of the band members individually, *id.* ¶¶ 4, 12-14, 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04784-SVW-GJS | Date | September 24, 2018 |
|---|---|---|---|
| Title | *Ronn Moss v. Peter Beckett* | | |

unincorporated partnership by virtue of their joint performances beginning in 1995 using the same "Player" trademark. FAC ¶ 29.

Starting in late 2017, Defendant allegedly began performing by himself using the Player name without the consent of Plaintiff or any of the other original band members, infringing upon the partnership's trademark. *Id.* ¶¶ 21-22. Additionally, Plaintiff alleges that in 2014, Defendant fraudulently obtained, in his own name, a trademark from the U.S. Patent & Trademark Office ("USPTO") for the name "Player" by falsely representing that Defendant owned the exclusive right to the trademark. *Id.* ¶¶ 23-26.

**II.    Analysis**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" without more. *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

**A.    Trademark Infringement**

Based on the allegations in the FAC, Plaintiff has set forth sufficient factual allegations to support claims of copyright infringement under both federal statutory law and common law principles. It is well-settled that, in the context of musical performing groups, "[t]he Lanham Act protects names of popular musical recording groups even though that name is not a registered trademark." *Grondin v. Rossington*, 690 F. Supp. 200, 207-08 (S.D.N.Y. 1988). Accordingly, the use of the group's name by a single member of the group may amount to trademark infringement if the trademark for the name is held by the musical association itself, and not held by any individual band member. *See, e.g.*, *Homme v. Kyuss Lives*, No. CV 12-02009 SJO (DTBx), 2012 WL 13012719, at *5 (C.D. Cal. Aug. 13, 2012) (individual use of a band's name constituted trademark infringement because the trademark was held by a partnership of band members pursuant to a written partnership agreement); *Brother Records, Inc. v.*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04784-SVW-GJS | Date | September 24, 2018 |
|---|---|---|---|
| Title | *Ronn Moss v. Peter Beckett* | | |

*Jardine*, 318 F.3d 900, 903-09 (9th Cir. 2003) (affirming trademark infringement by an individual band member using the "Beach Boys" trademark, which was held by a corporation collectively owned by the band members); *Kingsmen v. K-Tel Int'l Ltd.*, 557 F. Supp. 178, 182 (S.D.N.Y. 1983) (finding individual use of the band name "The Kingsmen" to be infringement upon the band's trademark); *Commodores Ent't Corp. v. McClary*, No. 6:14-cv-1335-Orl-37GJK, 2014 WL 5285980, at *3 (M.D. Fla. Oct. 15, 2014) (enjoining a founding member of The Commodores from using the band's name for individual performances after leaving the band).

  Accepting as true all of the allegations in the FAC, Plaintiff has set forth sufficient facts to support an inference that the Player trademark was held by a partnership of the band members pursuant to the partnership agreement, and that the trademark was not held by any individual band members. Plaintiff alleges that the partnership did not abandon its trademark following Player's dissolution in 1981 because of continuing record sales, and Plaintiff alleges that his joint performances with Defendant constituted performances by either the original Player partnership or a new, unincorporated partnership between Plaintiff and Defendant. *See Homme*, 2012 WL 13012719, at *5-7 (finding that the trademark held by a band partnership per a written agreement was not abandoned following the band's dissolution because the partnership continued to distribute income to the partners collected by record sales and merchandising). In either case, Plaintiff alleges that the "Player" trademark was not held by the band members individually but was held by the partnership of band members. Defendant's performances under the Player name without any additional band members from Player would suggest to the audience that they are paying to see a performance of the actual Player band, not just a single band member. Thus, per applicable trademark law, any use of the Player trademark by any individual band member, without the consent of the partnership, would amount to trademark infringement because it would be substantially likely to confuse the public as to the nature of the performance. *See Homme*, 2012 WL 13012719, at *9 (finding a likelihood of customer confusion when individual band member performed using the "Kyuss" trademark under the name "Kyuss Lives"); *Kingsmen*, 557 F. Supp. at 182 (finding a likelihood of customer confusion regarding an individual band member's re-recording of a song by The Kingsmen using the trademarked name); *see also AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (identifying factors for courts to consider when evaluating likelihood of confusion).

  Defendant argues that, because he registered a trademark for the "Player" name with the USPTO, he and Plaintiff are at best "co-owners" of the registered Player trademark. Therefore, Defendant argues that Plaintiff cannot sue Defendant as co-owner of the trademark for proper use of the trademark. However, Plaintiff does not allege that he, as an individual, is a "co-owner" of the Player trademark, registered or otherwise. Plaintiff alleges that Defendant's solo performances infringed upon the

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04784-SVW-GJS | Date | September 24, 2018 |
|---|---|---|---|
| Title | *Ronn Moss v. Peter Beckett* | | |

trademark held by the partnership of band members, and Plaintiff argues that Defendant's individual registered trademark is fraudulent for failing to identify the existence of other band members with legal interests in the trademark as partners of the partnership. Because Plaintiff is a member of the partnership, he has standing under the Lanham Act to assert a claim for trademark infringement as a party aggrieved by infringing use of the "Player" trademark. *See* 15 U.S.C. § 1125(a) (authorizing suits by "any person who believes that he or she is or is likely to be damaged" by trademark infringement). Accordingly, Plaintiff's causes of action against Defendant for trademark infringement under the Lanham Act and under common law satisfy the Rule 12(b)(6) standards.

      **B.**      **Trademark Cancellation**

Because Plaintiff has successfully pled claims for trademark infringement, Defendant concedes that this Court would have jurisdiction over Plaintiff's claim for cancellation of the trademark registered with the USPTO under 15 U.S.C. § 1119. Thus, the FAC sets forth sufficient factual allegations to support a cause of action to cancel Defendant's registered trademark, and Defendant's motion to dismiss this claim for lack of jurisdiction under Rule 12(b)(1) is denied.

      **C.**      **Declaratory Relief**

Finally, Plaintiff has sufficiently pled a cause of action for a declaratory judgment as to the rights to the Player trademark under 28 U.S.C. § 2201(a). Plaintiff properly seeks a declaration from the Court that Defendant is infringing upon the Player partnership's trademark, and Defendant is incorrect that such declaratory relief is warranted only when a party seeks a declaration of non-infringement. The FAC provides the basis for an actual controversy between the parties regarding the ownership of the Player trademark, and Plaintiff's allegations are sufficient to show the immediacy of the controversy in light of Defendant's continued performances using the Player trademark. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); FAC ¶ 21. Plaintiff does not need to exhaust administrative remedies before seeking declaratory relief here because Plaintiff's plausible infringement claims could be asserted before the Trademark Trial and Appeal Board. Thus, there is an independent jurisdictional basis for Plaintiff to seek declaratory relief before this Court. *See Universal Sewing Mach. Co. v. Standard Sewing Mach. Corp.*, 185 F. Supp. 257, 259 (S.D.N.Y. 1960) (identifying exhaustion requirement only when there is no independent basis for federal jurisdiction); *Mindys Cosmetics v. Dakar*, CV 08-4459 SVW (RZx), 2008 WL 11337721, at *1 (C.D. Cal. Oct. 7, 2008) (same).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04784-SVW-GJS | Date | September 24, 2018 |
|---|---|---|---|
| Title | *Ronn Moss v. Peter Beckett* | | |

**III.    Conclusion**

      Defendant's motion to dismiss the FAC for the failure to state a claim and for lack of jurisdiction is DENIED. Defendant is given 10 days from the date of this Order to file an answer to the FAC. Jury Trial is set for January 29, 2019 at 9:00 a.m., with a Pretrial Conference on January 14, 2019 at 3:00 p.m.

      IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |